Manchester Mfg. v. Dylex Ltd.          CV-92-752-SD  04/11/96

                 UNITED STATES DISTRICT COURT FOR THE

                       DISTRICT OF NEW HAMPSHIRE


<u>Manchester Manufacturing</u>
 <u>Acquisitions, Inc., et al</u>


     v.                                    Civil No. 91-752-SD


<u>Dylex Limited, et al</u>



                            O R D E R


     This order addresses the issues raised by certain pending

post-trial motions.


1.  <u>Plaintiffs' Motion for Attorney Fees and Costs (document 183)</u>

     Claiming them to be "reasonable", plaintiffs here move for

an award of attorney fees in the amount of $733,689, together

with costs of $69,744.  Document 183.  The defendants object.

Document 196.[1]

_____

     [1]Plaintiffs have filed a motion to file a replication to the
defendants' objection (document 200), to which the defendants
have filed an objection (document 201).  Defendants' objection is
herewith overruled, the motion is granted, and the replication is
herewith ordered filed.

a.  The Attorneys' Fees Claim

Plaintiffs' fees claim is grounded on their success on Count III of their complaint.  Therein plaintiffs alleged a violation of the "Blue-Sky" law of New Hampshire.  Revised Statutes Annotated (RSA) 421-B:3.  Damages recoverable thereunder include "the actual damages sustained plus interest from the date of purchase or sale, costs, and reasonable attorney's fees."  RSA 421-B:25, II.

Defendants' hosts of objections include the limited scope of plaintiffs' success, the duplicative nature of many services, and the lack of proper documentation.[2]  Plaintiffs respond with the familiar chant that the entire litigation included a common core of facts based on related legal theories.  See Lipsett v. Blanco, 975 F.2d 934, 940 (1st Cir. 1992).

Where, as is here the case, an award of fees and costs rests on state law, that law also controls the method of calculating the award.  Blanchette v. Cataldo, 734 F.2d 869, 878 (1st Cir. 1984).  Under New Hampshire law, the task of determining the reasonableness of requested fees is entirely a matter of judicial discretion.  Drop Anchor Realty Trust v. Hartford Fire Ins., 126 N.H. 674, 681, 496 A.2d 339, 344 (1985).

---

[2]Plaintiffs' replication provides much of the documentation of which defendants complain in their original objection.

2

As RSA 421-B:25, II, does not describe a particular method for calculation of attorney's fees, the court considers the eight factors adopted by New Hampshire courts, i.e.,

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
> (3) the fee customarily charged in the locality for similar legal services.
> (4) the amount involved and the results obtained.
> (5) the time limitations imposed by the client or by the circumstances.
> (6) the nature and length of the professional relationship with the client.
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
> (8) whether the fee is fixed or contingent.

McCabe v. Arcidy, 138 N.H. 20, 29, 635 A.2d 446, 452 (1983) (quotation omitted). Of course, the weight to be accorded to each of the foregoing factors depends on the circumstances of each particular case. Id.

Covering the period between March 4, 1991, and November 21, 1995, the 178 pages of billing seek recovery of 3,008.35 hours of attorney partner time; 471.40 hours of attorney associate time;

3

and 2,134.5 hours of paralegal time.  The hourly rate sought for partners is $175, for associates $100, and for paralegals $75.

Interestingly, however, the April 4, 1991, contingent fee agreement between plaintiffs and counsel details attorney fee charges at $90-$125 hourly and paralegal fees at $50.  Granted that inflation has had some upward effect on these fees over the course of this litigation, the court finds and rules that the reasonable hourly fee for partners is $150, for associates $100, and for paralegals $60.

Close scrutiny of the detailed billings and consideration of the factors and circumstances of the case hereinabove detailed satisfies the court that there was considerable duplication of efforts, i.e., two lawyers present at depositions, many conferences between and among lawyers and paralegals, and excessive time spent in drafting and editing of discovery documents, legal memos, and other pleadings.  The court finds and rules that a fifty percent reduction of hours in all categories is accordingly warranted for the purpose of computation of attorney fees.

The court's final computation of hours and fees is as follows.[3]

---

[3]The hourly numbers set forth below represent fifty percent of the total computation of hours for each attorney or paralegal.

| | | | |
|---|---|---|---|
| Randall F. Cooper | 658.225 | hrs x $150 | $ 98,733.75 |
| Mary E. Maloney | 926.925 | hrs x $150 | 139,038.75 |
| Dorcas Deans | 4.25 | hrs x $150 | 637.50 |
| Kenneth Cargill | 1.65 | hrs x $150 | 247.50 |
| Robert Frank | 55.6 | hrs x $100 | 5,560.00 |
| Deborah Fauver | 2.4 | hrs x $100 | 240.00 |
| L. Breckenridge Hayes-Snow | 173.1265 | hrs x $100 | 17,312.65 |
| Deborah Hotte | 163.25 | hrs x $ 60 | 9,795.00 |
| Bryan Morin | 891.575 | hrs x $ 60 | 53,494.50 |
| TOTAL | | | $325,059.65 |

b.  The Costs Claim

Turning to the items of costs, these are governed in New Hampshire by medium of Rule 87(c) of the Rules of the New Hampshire Superior Court.[4]  Included are "fees of the clerk, fees for service of process, witness fees, expense of view, cost of transcripts, and such other costs as may be provided by law." Id.  Additionally, within its discretion the court may allow "other costs including, but not limited to, actual costs of expert witnesses, if the costs were reasonably necessary to the litigation."  Id.

---

[4]Rule 87(c) largely tracks the now-repealed statutory provisions for costs which were formerly contained in RSA 525:14-a (1974) (repealed 1989).

5

The phrase "actual costs of expert witnesses" is limited to those expenses directly related to a witness's appearance and testimony in court.  Flanagan v. Prudhomme, 138 N.H. 561, 577, 644 A.2d 51, 63 (1994); Cutter v. Town of Farmington, 126 N.H. 836, 843-44, 498 A.2d 316, 322 (1985); State v. Wilson, 115 N.H. 99, 102, 333 A.2d 459, 462 (1975).  Review of the itemized costs indicates that the following costs items should be awarded in the instant case.

| | | |
|---|---|---:|
| 12/24/91 | Filing fees, U.S. District Court | $ 120.00 |
| 1/27/92 | Secretary of State | 15.00 |
| 1/24/93 | Middlesex County Deputy Sheriffs | 50.00 |
| 1/18/94 | Belknap County Sheriff's Department | 21.75 |
| 9/14/95 | Carl Barbelotti Witness Fee | 130.00 |
| 9/14/95 | Robert Ehrenberg Witness Fee | 58.00 |
| 9/14/95 | Dennis Joos Witness Fee | 126.00 |
| 9/14/95 | Mike Russell Witness Fee | 40.00 |
| 9/14/95 | John Rohde Witness Fee | 40.00 |
| 9/15/95 | Russell Ingram Witness Fee | 60.40 |
| 10/20/95 | Dean Ingram Witness Fee | 125.00 |
| 11/8/95 | Elvin L. Balch Witness Fee | 100.00 |
| 11/15/95 | Mark McKinsey Expert Fee | 2,000.00 |
| 11/15/95 | Jack Ketchum Expert Fee | 3,530.00 |
| 11/15/95 | Allen McCausland Expert Fee | 5,334.00 |

6

```
11/15/95   John Georges Expert Fee                    1,067.50

TOTAL                                             $12,817.65
```

## 2.  Plaintiffs' Motion to Modify Judgment, document 177

In its order of December 6, 1995 (document 180), the court vacated the earlier-entered judgment of November 22, 1995 (document 176).  The reason was to permit the court to receive and review the claim of attorneys' fees and costs.  Id.  That issue having now been determined, and the court having, in the course of its order of January 4, 1996, ruled on the method of computation and offset of interest (document 195, at 17, 18), the clerk is herewith directed to prepare and enter an order of judgment to include the award of attorney fees of $325,059.65 and of costs in the amount of $12,817.65, and to compute interest in accordance with said order, indicating the method of so doing, together with offset of interest.

Thus computed, the figures will differ from those set forth in plaintiffs' motion to modify judgment, which motion is accordingly herewith granted in part and denied in part.[5]

---

[5]In arriving at its conclusion, the court has considered the objections raised by defendant in its motion objecting to plaintiffs' motion to modify judgment.  Document 178.

## 3. Plaintiffs' Motion for Supersedeas Bond, document 182

This motion is, as defendants correctly point out in their objection (document 194), premature at the time of this writing. Although defendants have indicated their intention to file an appeal from the judgment, such appeal is not due, as the final judgment is just now being entered. Accordingly, the motion is denied without prejudice to the plaintiffs' right to renew same when defendants actually appeal in this matter.

## 4. Conclusion

For reasons hereinabove indicated, the court has entered an order awarding plaintiffs attorneys' fees in the amount of $325,059.65, together with costs in the amount of $12,817.65. The motion to modify judgment is granted in part and denied in part in accordance with the court's directions to the clerk as to entry of judgment, and the motion for supersedeas bond is denied as premature, without prejudice to the plaintiffs' right to renew same when defendants appeal in this matter.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

April 11, 1996

8

```
cc:   Randall F. Cooper, Esq.
      Steven J. Kantor, Esq.
      John L. Putnam, Esq.
      Kenneth H. Merritt, Esq.
```